Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

PRAVESH JAIRAM, ROCKY RAMDIAL, ANDERSON BIRJU, NIGEL ALLEYNE, REJESH RAMPAUL, and BRYAN JOSEPH, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

UPTOWN COMMUNICATIONS & ELECTRIC, INC. and JONATHAN SMOKLER, CHRISTIAN CABEZAS, and DANIEL GREENBERG, as individuals,

Defendants.

---------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

1. Plaintiffs, **PRAVESH JAIRAM, ROCKY RAMDIAL, ANDERSON BIRJU, NIGEL ALLEYNE, REJESH RAMPAUL, and BRYAN JOSEPH, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **PRAVESH JAIRAM, ROCKY RAMDIAL, ANDERSON BIRJU, NIGEL ALLEYNE, REJESH RAMPAUL, and BRYAN JOSEPH, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **UPTOWN COMMUNICATIONS & ELECTRIC, INC., and JONATHAN SMOKLER, CHRISTIAN CABEZAS, and DANIEL GREENBERG, as individuals**, (hereinafter referred to as "Defendants"), to recover

damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at UPTOWN COMMUNICATIONS & ELECTRIC, INC., located at 55-40 44th Street, Maspeth, New York 11378.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

**THE PARTIES**

8. Plaintiff, PRAVESH JAIRAM, residing at 185-54 128th Street, South Ozone Park, New York 11420, was employed by Defendants at UPTOWN COMMUNICATIONS & ELECTRIC, INC. from in or around October 2012 until in or around November 2018.
9. Plaintiff, ROCKY RAMDIAL, residing at 65-88 162nd Street, Flushing, New York 11365, was employed by Defendants at UPTOWN COMMUNICATIONS & ELECTRIC, INC. from in or around September 2012 until in or around November 2018.
10. Plaintiff, ANDERSON BIRJU, residing at 103-22 Lefferts Blvd, South Ozone Park, New York 11420, was employed by Defendants at UPTOWN COMMUNICATIONS & ELECTRIC, INC. from in or around April 2013 until in or around February 2019.

11. Plaintiff, NIGEL ALLEYNE, residing at 115-29 125th Street, South Ozone Park, New York 11420, was employed by Defendants at UPTOWN COMMUNICATIONS & ELECTRIC, INC. from in or around August 2006 until in or around March 2019.
12. Plaintiff, REJESH RAMPAUL, residing at 119-05 89th Avenue, Richmond Hill, New York 11418, was employed by Defendants at UPTOWN COMMUNICATIONS & ELECTRIC, INC. from in or around October 2012 until in or around November 2018.
13. Plaintiff, BRYAN JOSEPH, residing at 103-27 115th Street, Richmond Hill, New York 11419, was employed by Defendants at UPTOWN COMMUNICATIONS & ELECTRIC, INC. from in or around September 2012 until in or around November 2018.
14. Upon information and belief, Defendant, UPTOWN COMMUNICATIONS & ELECTRIC, INC., is a corporation organized under the laws of New York with a principal executive office at 55-40 44th Street, Maspeth, New York 11378.
15. Upon information and belief, Defendant, UPTOWN COMMUNICATIONS & ELECTRIC, INC., is a corporation authorized to do business under the laws of New York.
16. Upon information and belief, Defendant, JONATHAN SMOKLER, owns and/or operates UPTOWN COMMUNICATIONS & ELECTRIC, INC.
17. Upon information and belief, Defendant, JONATHAN SMOKLER, is an agent of UPTOWN COMMUNICATIONS & ELECTRIC, INC.
18. Upon information and belief, Defendant, JONATHAN SMOKLER, has power over personnel decisions at UPTOWN COMMUNICATIONS & ELECTRIC, INC.
19. Upon information and belief, Defendant, JONATHAN SMOKLER, has power over payroll decisions at UPTOWN COMMUNICATIONS & ELECTRIC, INC.
20. Defendant JONATHAN SMOKLER has the power to hire and fire employees at UPTOWN COMMUNICATIONS & ELECTRIC, INC., establish and pay their wages, set their work schedule, and maintains their employment records.
21. During all relevant times herein, Defendant, JONATHAN SMOKLER, was Plaintiff's employer within the meaning of the FLSA and NYLL.
22. Upon information and belief, Defendant, CHRISTIAN CABEZAS, owns and/or operates UPTOWN COMMUNICATIONS & ELECTRIC, INC.

23. Upon information and belief, Defendant, CHRISTIAN CABEZAS, is an agent of UPTOWN COMMUNICATIONS & ELECTRIC, INC.
24. Upon information and belief, Defendant, CHRISTIAN CABEZAS, has power over personnel decisions at UPTOWN COMMUNICATIONS & ELECTRIC, INC.
25. Upon information and belief, Defendant, CHRISTIAN CABEZAS, has power over payroll decisions at UPTOWN COMMUNICATIONS & ELECTRIC, INC.
26. Defendant CHRISTIAN CABEZAS has the power to hire and fire employees at UPTOWN COMMUNICATIONS & ELECTRIC, INC., establish and pay their wages, set their work schedule, and maintains their employment records.
27. During all relevant times herein, Defendant, CHRISTIAN CABEZAS, was Plaintiff's employer within the meaning of the FLSA and NYLL.
28. Upon information and belief, Defendant, DANIEL GREENBERG, owns and/or operates UPTOWN COMMUNICATIONS & ELECTRIC, INC.
29. Upon information and belief, Defendant, DANIEL GREENBERG, is an agent of UPTOWN COMMUNICATIONS & ELECTRIC, INC.
30. Upon information and belief, Defendant, DANIEL GREENBERG, has power over personnel decisions at UPTOWN COMMUNICATIONS & ELECTRIC, INC.
31. Upon information and belief, Defendant, DANIEL GREENBERG, has power over payroll decisions at UPTOWN COMMUNICATIONS & ELECTRIC, INC.
32. Defendant, DANIEL GREENBERG, has the power to hire and fire employees at UPTOWN COMMUNICATIONS & ELECTRIC, INC., establish and pay their wages, set their work schedule, and maintains their employment records.
33. During all relevant times herein, Defendant, DANIEL GREENBERG, was Plaintiff's employer within the meaning of the FLSA and NYLL.
34. Upon information and belief, UPTOWN COMMUNICATIONS & ELECTRIC, INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

**FACTUAL ALLEGATIONS**

35. Plaintiff, PRAVESH JAIRAM, was employed by Defendants at UPTOWN COMMUNICATIONS & ELECTRIC, INC. from in or around October 2012 until in or around November 2018.

36. During Plaintiff, PRAVESH JAIRAM's employment by Defendants at UPTOWN COMMUNICATIONS & ELECTRIC, INC., Plaintiff's primary duties were as a technician and installer, and performing other miscellaneous duties from in or around October 2012 until in or around November 2018.

37. Plaintiff, PRAVESH JAIRAM, was paid by Defendants approximately $13.50 per hour for his first forty hours of work from in or around October 2013 until in or around November 2018.

38. However, Plaintiff, PRAVESH JAIRAM, worked approximately sixty (60) or more hours per week at UPTOWN COMMUNICATIONS & ELECTRIC, INC. from in or around October 2013 until in or around November 2018.

39. Plaintiff, PRAVESH JAIRAM, was not compensated at all for the approximately twenty (20) hours of overtime each week that Plaintiff worked during his employment with Defendants.

40. Although Plaintiff, PRAVESH JAIRAM, worked approximately sixty (60) or more per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

41. Plaintiff, ROCKY RAMDIAL, was employed by Defendants at UPTOWN COMMUNICATIONS & ELECTRIC, INC. from in or around September 2012 until in or around November 2018.

42. During Plaintiff, ROCKY RAMDIAL's employment by Defendants at UPTOWN COMMUNICATIONS & ELECTRIC, INC., Plaintiff's primary duties were as a technician and installer, and performing other miscellaneous duties from in or around September 2012 until in or around November 2018.

43. Plaintiff, ROCKY RAMDIAL, was paid by Defendants approximately $13.25 per hour for his first forty hours of work from in or around October 2013 until in or around November 2018.

44. However, Plaintiff, ROCKY RAMDIAL, worked approximately sixty-six (66) or more hours per week at UPTOWN COMMUNICATIONS & ELECTRIC, INC. from in or around October 2013 until in or around November 2018.

45. Plaintiff, ROCKY RAMDIAL, was not compensated at all for the approximately twenty-six (26) hours of overtime each week that Plaintiff worked during his employment with Defendants.

46. Although Plaintiff, ROCKY RAMDIAL, worked approximately sixty (60) or more per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

47. Plaintiff, ANDERSON BIRJU, was employed by Defendants at UPTOWN COMMUNICATIONS & ELECTRIC, INC. from in or around April 2013 until in or around February 2019.

48. During Plaintiff, ANDERSON BIRJU's employment by Defendants at UPTOWN COMMUNICATIONS & ELECTRIC, INC., Plaintiff's primary duties were as a technician, and performing other miscellaneous duties from in or around April 2013 until in or around February 2019.

49. Plaintiff, ANDERSON BIRJU, was paid by Defendants approximately $15.50 per hour for his first forty hours of work from in or around October 2013 until in or around February 2019.

50. However, Plaintiff, ANDERSON BIRJU, worked approximately sixty (60) or more hours per week at UPTOWN COMMUNICATIONS & ELECTRIC, INC. from in or around October 2013 until in or around February 2019.

51. Plaintiff, ANDERSON BIRJU, was not compensated at all for the approximately twenty (20) hours of overtime each week that Plaintiff worked during his employment with Defendants.

52. Although Plaintiff, ANDERSON BIRJU, worked approximately sixty (60) or more per week during his employment by Defendants, Defendants did not pay Plaintiff

time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

53. Plaintiff, NIGEL ALLEYNE, was employed by Defendants at UPTOWN COMMUNICATIONS & ELECTRIC, INC. from in or around August 2006 until in or around March 2019.

54. During Plaintiff, NIGEL ALLEYNE's employment by Defendants at UPTOWN COMMUNICATIONS & ELECTRIC, INC., Plaintiff's primary duties were as a technician, and performing other miscellaneous duties from in or around August 2006 until in or around March 2019.

55. Plaintiff, NIGEL ALLEYNE, was paid by Defendants approximately $17.86 per hour for his first forty hours of work from in or around October 2013 until in or around March 2019.

56. However, Plaintiff, NIGEL ALLEYNE, worked approximately fifty-five (55) or more hours per week at UPTOWN COMMUNICATIONS & ELECTRIC, INC. from in or around October 2013 until in or around March 2019.

57. Plaintiff, NIGEL ALLEYNE, was not compensated at all for the approximately fifteen (15) hours of overtime each week that Plaintiff worked during his employment with Defendants.

58. Although Plaintiff, NIGEL ALLEYNE, worked approximately fifty-five (55) or more per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

59. Plaintiff, REJESH RAMPAUL, was employed by Defendants at UPTOWN COMMUNICATIONS & ELECTRIC, INC. from in or around October 2013 until in or around April 2019.

60. During Plaintiff, REJESH RAMPAUL's employment by Defendants at UPTOWN COMMUNICATIONS & ELECTRIC, INC., Plaintiff's primary duties were as a technician, and performing other miscellaneous duties from in or around October 2013 until in or around April 2019.

61. Plaintiff, REJESH RAMPAUL, was paid by Defendants approximately $13.50 per hour for his first forty hours of work from in or around October 2013 until in or around April 2019.
62. However, Plaintiff, REJESH RAMPAUL, worked approximately fifty-five (55) or more hours per week at UPTOWN COMMUNICATIONS & ELECTRIC, INC. from in or around October 2013 until in or around April 2019.
63. Plaintiff, REJESH RAMPAUL, was not compensated at all for the approximately fifteen (15) hours of overtime each week that Plaintiff worked during his employment with Defendants.
64. Although Plaintiff, REJESH RAMPAUL, worked approximately fifty-five (55) or more per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
65. Plaintiff, BRYAN JOSEPH, was employed by Defendants at UPTOWN COMMUNICATIONS & ELECTRIC, INC. from in or around September 2012 until in or around November 2018.
66. During Plaintiff, BRYAN JOSEPH's employment by Defendants at UPTOWN COMMUNICATIONS & ELECTRIC, INC., Plaintiff's primary duties were as a technician and installer, and performing other miscellaneous duties from in or around September 2012 until in or around November 2018.
67. Plaintiff, BRYAN JOSEPH, was paid by Defendants approximately $13.25 per hour for his first forty hours of work from in or around October 2013 until in or around November 2018.
68. However, Plaintiff, BRYAN JOSEPH, worked approximately sixty (60) or more hours per week at UPTOWN COMMUNICATIONS & ELECTRIC, INC. from in or around October 2013 until in or around November 2018.
69. Plaintiff, BRYAN JOSEPH, was not compensated at all for the approximately twenty (20) hours of overtime each week that Plaintiff worked during his employment with Defendants.
70. Although Plaintiff, BRYAN JOSEPH, worked approximately sixty (60) or more per week during his employment by Defendants, Defendants did not pay Plaintiff time

and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

71. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

72. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

73. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

74. Plaintiffs bring this action on behalf of their selves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

75. Collective Class: All persons who are or have been employed by the Defendants as installers and technicians, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

76. Upon information and belief, Defendants employed over 100 employees within the relevant time period who were subjected to similar payment structures.

77. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

78. Defendants' unlawful conduct has been widespread, repeated, and consistent.

79. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

80. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
81. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
82. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
83. The claims of Plaintiff are typical of the claims of the putative class.
84. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
85. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

86. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
87. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
88. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
89. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
90. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the

regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

91. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

92. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

93. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

94. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

95. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

96. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

97. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

98. Defendants failed to provide Plaintiffs with a written notice of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

99. Defendants are liable to Plaintiffs in the amount of $5,000.00 each, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

100. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

101. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

102. Defendants are liable to Plaintiffs in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs unpaid overtime wages;
c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
d. Awarding Plaintiffs prejudgment and post-judgment interest;
e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and
f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 20th day of February 2020.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PRAVESH JAIRAM, ROCKY RAMDIAL, ANDERSON BIRJU, NIGEL ALLEYNE, REJESH RAMPAUL, and BRYAN JOSEPH, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

UPTOWN COMMUNICATIONS & ELECTRIC, INC., and JONATHAN SMOKLER, CHRISTIAN CABEZAS, and DANIEL GREENBERG, as individuals,

Defendants.

SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**
**UPTOWN COMMUNICATIONS & ELECTRIC, INC.**
**55-40 44TH STREET**
**MASPETH, NEW YORK 11378**

**JONATHAN SMOKLER**
**55-40 44TH STREET**
**MASPETH, NEW YORK 11378**

**CHRISTIAN CABEZAS**
**55-40 44TH STREET**
**MASPETH, NEW YORK 11378**

**DANIEL GREENBERG**
**55-40 44TH STREET**
**MASPETH, NEW YORK 11378**